surance corporation, and such service should be deemed to be made within the territorial jurisdiction of the court issuing the process. But this judgment must be reversed for failure to show the jurisdictional facts hereinbefore stated.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.

---

(121 App. Div. 597.)

### SHAW v. FELTMAN et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. PLEADING—DEMURRER—INFERENCES.

On demurrer, plaintiff is entitled to have the facts stated in his complaint taken as true and all reasonable inferences resolved in his favor.

2. MASTER AND SERVANT—INJURY TO SERVANT—COMPLAINT—ASSUMPTION OF RISK.

The complaint in an action for injury to a servant need not show that the accident resulted from a risk not assumed by him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 844–847.]

3. SAME—NEGLIGENCE OF FELLOW SERVANTS.

Nor need it show that the accident was not due to negligence of fellow servants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 837.]

4. SAME—NEGLIGENCE.

A complaint alleging that plaintiff was employed by defendants to work in a kitchen in a building owned and controlled by them; that a skylight over the kitchen and the glass in it were in a defective, ruinous, and dangerous condition, of which defendants had notice; and that a piece of glass fell from the skylight because of such condition and came in contact with and injured plaintiff—sufficiently shows negligence and absence of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 816–823, 825.]

Appeal from Special Term, Kings County.

Action by Ellwood Shaw against Charles L. Feltman and another. Defendants' demurrer to the complaint was overruled, and they appeal. Affirmed.

See 91 N. Y. Supp. 114.

The following is the opinion of Kelly, J., at Special Term:

The parties occupied the relation of master and servant, and the plaintiff, the servant, sues the defendants, the masters, for damages resulting from their alleged negligence. On a demurrer he is entitled to have the facts stated in the complaint taken as true, and all reasonable inferences are to be resolved in his favor. The defendants say the complaint does not state facts sufficient to constitute a cause of action, in that there is no sufficient allegation of negligence or lack of contributory negligence. Defendants claim that the complaint should contain averments that the accident did not result from a risk assumed by the servant and that the accident was not due to the negligence of fellow servants. These last two contentions are clearly wrong. Plaintiff is not obliged to plead either of the propositions advanced. They are matters for defendant to allege or to prove on the trial. Rooney v. Brogan Construction Co., 107 App. Div. 258, 95 N. Y. Supp. 1. There are decisions holding that a complaint in a negligence action is good, without an

allegation· of absence of contributory negligence, and that defendant must
plead· in his answer that the negligence is the negligence of fellow servants.
I do not agree with these decisions, but I refer to them as evidencing the
view which the courts, take of these matters; the object being to arrive at a
just determination of the action on the merits. Plaintiff must allege that
defendants were guilty of negligence, but he is not called upon to plead all
the details of the evidence and negative every possible defense which may be
interposed.

This demurrer was stricken out as frivolous, but the order was reversed
by the Appellate Division. Shaw v. Feltman, 99 App. Div. 514, 91 N. Y. Supp.
114. The Appellate Division did not, however, pass upon the sufficiency of the
complaint. Judged by the standards laid down in innumerable decisions, and
giving the plaintiff the benefit of the facts and reasonable inferences, I think
the complaint is good. He says he was employed by the defendants to work
in a kitchen in a building owned and controlled by defendants in Coney Is-
land; that there was a skylight over the kitchen, and that the skylight and .
the glass therein were in a defective, ruinous, and dangerous condition, of all
of which the defendants had notice; that a piece of glass fell from the sky-
light, coming in contact with plaintiff and injuring him. It may be that the
mere allegation that the glass fell, without a distinct averment that it fell
by reason of the defective and dangerous condition alleged, would not be suf-
ficient; but this very fact is set forth in paragraph 8. It is there stated that
the glass fell because of the defective and ruinous and broken condition in
which it was maintained by defendants, with full knowledge, a condition de-
scribed as "dangerous." A master cannot put his servants to work in a place
known to him to be dangerous, unsafe, and with defective skylights and ceilings
liable to fall and injure the employé, without incurring liability. If the
servant knew of the condition, if he assumed the risk, if he was guilty of
contributory negligence, if it was a risk incident to his employment, or if the
accident happened by reason of his own or his fellow servants' negligence, he
cannot recover; but all these things are matters of proof. I think the com-
plaint is good.

Demurrer overruled, with leave to defendants to answer upon payment of costs.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

Joseph M. Gazzam, Jr., for appellants.
Solomon A. Cohn, for appellee.

PER CURIAM. Interlocutory judgment affirmed, with costs, on
the opinion of KELLY, J., at Special Term.

---

DAVIDSON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. APPEAL—SETTLEMENT OF CASE—MATTERS INCLUDED.

     A case on appeal may properly include matters indicating the attitude
of the court in making rulings upon proffered testimony necessary to a
full understanding of how questions respecting admissibility of evidence
arose, and matter stating a ruling as to what will be left to the jury, a
request of counsel relating thereto, and the disposition of the request;
but, where the ruling and exception otherwise sufficiently appear, remarks
of the court and speeches of counsel should not be included.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
§§ 2483–2489.]

2. SAME.

     In settling a case on appeal from a judgment against a railway company
for personal injuries to an infant, an amendment is proper, as presenting
part of the atmosphere of the case, which relates to the presence in court
of the infant plaintiff in a maimed and mangled condition, without the